IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LATANYA TIPPETT-RHODES, CHARDAI RHODES, and IVAN RHODES, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:23-CV-124-RAH-KFP |
| CADENCE BANK, et al., | ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs filed this case on March 7, 2023. On March 8, the Court entered orders denying Plaintiffs' request for a temporary restraining order (Doc. 11) and requiring Plaintiffs to show cause why this matter should not be transferred to the Northern District of Alabama pursuant to 28 U.S.C. 1404(a) (Doc. 12). On March 13, copies of these orders were returned as undeliverable. On March 16, the Clerk received a return receipt card indicating that Chardai Rhodes received the Court's show cause order (Doc. 12) but that her address had changed. *See* Doc. 15.

On March 20, based on this change of address, the Court granted Plaintiffs an extension to show cause why the case should not be transferred to the Northern District of Alabama. *See* Doc. 16. This order also required Plaintiffs to specify the correct mailing address for each Plaintiff named in the Complaint. *Id*. Chardai Rhodes received this order at the address listed in the change of address notice referenced above. *See* Doc. 26. However, the copy sent to Latanya Tippett-Rhodes, as well as copies of other court orders

and notices (Docs. 14, 23, 25 and additional copies of Docs. 11 and 12) were returned as undeliverable.

Plaintiff Latanya Tippett-Rhodes then filed a motion requesting leave to file an amended complaint in response to the motions to dismiss filed by Defendants, which the Court granted, giving Plaintiffs until June 5, 2023, to file an amended complaint. Docs. 27, 28. Plaintiffs failed to meet this deadline. Additionally, the copy sent to Latanya Tippett-Rhodes was returned as undeliverable on May 15, 2023, but there is nothing to indicate that the copies sent to Ivan Rhodes and Chardai Rhodes were returned.[1]

In the three months since this case was filed, Plaintiffs have failed to obey the Court's order to show cause why the case should not be transferred to the Northern District, failed to obey the Court's order to file a notice specifying the correct mailing address for each Plaintiff, requested leave to file an amended complaint (in lieu of responding to a motion to dismiss), and then failed to meet the deadline to file an amended complaint. The Court cannot monitor this case to ensure that it proceeds in an appropriate and timely manner. Plaintiffs' failure to obey court orders, comply with deadlines, and provide correct mailing addresses demonstrates a lack of interest in prosecuting this case and a disregard for the Court's judicial resources.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See*

---

[1] On the motion requesting leave to file an amended complaint, Plaintiffs listed an address in Tuscaloosa, Alabama, for Latanya Tippett-Rhodes, Chardai Rhodes, and Ivan Rhodes. However, immediately beneath that address, Plaintiffs listed a mailing address in Alpharetta, Georgia. These are the same addresses listed on Plaintiffs' original complaint.

*Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **June 21, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R.

3-1.

      DONE this 7th day of June, 2023.


              /s/ Kelly Fitzgerald Pate
              KELLY FITZGERALD PATE
              UNITED STATES MAGISTRATE JUDGE